

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

*1000 Lafayette Boulevard, 10th Floor*  (203) 696-3000
*Bridgeport, Connecticut 06604*  *Fax (203) 579-5550*

December 16, 2015

Bruce Koffsky, Esq.
1150 Bedford Street
Stamford, CT. 06905

United States District Court
District of Connecticut
FILED AT   NEW HAVEN
12-16 ,2015
Roberta D. Tabora, Clerk
By_____
Deputy Clerk

Re:  United States v. Bomani Africa
     Case No. 3:15CR34(JAM)

Dear Mr. Koffsky:

This letter confirms the plea agreement between your client, Bomani Africa (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

### THE PLEA AND OFFENSE

Mr. Africa agrees to plead guilty to a Count Three of the Third Superseding Indictment charging him with Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2.

The defendant understands that, to be guilty of these offenses, the following essential elements of the offenses must be satisfied:

Third Superseding Indictment – Count Three

1. The defendant took money from the presence of another, while that money was in the care or custody of a bank;

2. Such taking was by force and violence or intimidation;

3. The defendant put the life of others in danger by the use of a dangerous weapon or device while taking the money; and

4. The deposits of the bank were then insured by the FDIC.

Defendant Africa also agrees to waive his right to be indicted and to plead guilty to a two-count Information charging him with Conspiracy to Commit Bank Robbery, in violation of 18 U.S.C. § 371 and Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2, in relation to the December 14, 2014 robbery of the First Niagara Bank in Stratford, Connecticut. He understands that to be guilty of these offenses, the following essential elements of the offenses must be satisfied:

Information – Count One

1. Between 2013 and December 2014, an agreement existed between two or more persons to obtain property from banks without the bank's consent;

2. The defendant knowingly, willfully and voluntarily became a participant in, or a member of, the conspiracy, and

3. The defendant did so with the intention of furthering an objective of the conspiracy

Information – Count Two

1. The defendant took money from the presence of another, while that money was in the care or custody of the First Niagara Bank in Stratford, Connecticut;

2. Such taking was by force and violence or intimidation;

3. The defendant put the life of others in danger by the use of a dangerous weapon or device while taking the money; and

4. The deposits of the bank were then insured by the FDIC.

**THE PENALTIES**

This penalties for the charges are as follows:

Count Three of the Third Superseding Indictment carries a maximum penalty of 25 years imprisonment. The defendant will also be subject to a $250,000 fine. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of up to 5 years. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to two years with no credit for the time already spent on supervised release.

Count One of the Information carries a maximum penalty of 5 years imprisonment and the defendant will also be subject to a maximum $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than one year, to begin at

the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to one year with no credit for the time already spent on supervised release.

Count Two of the Information carries a maximum penalty of 25 years imprisonment. The defendant will also be subject to a $250,000 fine. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of up to 5 years. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to two years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $300. The defendant agrees to pay the special assessment on or before the date of sentencing unless he establishes an inability to pay on or before the date of sentencing through the financial disclosure to the U.S. Probation Office as part of the presentence investigation and report, in which case the defendant agrees to pay it as soon as practicable.

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A to the victims of Count Three of the Superseding Indictment and Counts One and Two of the Information, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

### Forfeiture

The parties agree that forfeiture is not applicable in this case.

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees

that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government

and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

Third Superseding Indictment Count Three: Title 18, U.S.C., Sections 2113(a), 2113(d)

| | | |
|---|---|---:|
| Base Offense Level (U.S.S.G. §§ 2B3.1(a) and 1B1.3)) | | 20 |
| Plus: | Property of Financial Institution (People's United Bank) taken | +2 |
| Plus: | Firearm Brandished (U.S.S.G. §§ 2B3.1(b)(2)(C)) | +5 |
| Plus: | Offense involved a carjacking (U.S.S.G. § 2B3.1(b)(5)) | +2 |
| Plus: | Loss of more than $10,000 but less than $50,000 | +1 |
| Total: | | 30 |

Information Count Two: Title 18, U.S.C., Sections 2113(a), 2113(d)

| | | |
|---|---|---:|
| Base Offense Level (U.S.S.G. §§ 2B3.1(a) and 1B1.3)) | | 20 |
| Plus: | Property of Financial Institution (First Niagara) taken | +2 |
| Plus: | Firearm Brandished (U.S.S.G. §§ 2B3.1(b)(2)(C)) | +5 |
| Plus: | Loss of more than $10,000 but less than $50,000 | +1 |
| Total: | | 28 |

Combined Offense Level Pursuant to U.S.S.G. § 3D1.4

| | | |
|---|---|---:|
| Base Offense Level | | 30 |
| Plus: | Combined Offense Level Units | +2 |
| Less: | Acceptance of Responsibility (U.S.S.G. § 3E1.1(b)) | -3 |
| Total | | 29 |

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category V. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 29, assuming a Criminal History Category V, would result in a range of 140 to 175 months of imprisonment (sentencing table) and a fine range of $15,000 to $150,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of two years to five years. U.S.S.G. § 5D1.2.

As of the date of this letter, the Government has not obtained the defendant's certified conviction records from New Jersey and is unable to definitively determine if the defendant's prior convictions subject him to the Career Offender guidelines. The defendant is aware of the possibility that the defendant may be subject to the Career Offender guidelines pursuant to U.S.S.G. § 4B1.1 because: (1) he is over eighteen years' of age; (2) is charged with a crime of violence; and (3) has two prior federal felony convictions of crimes of violence or a controlled substance offense. If the defendant does qualify as a career offender under the Guidelines, his total offense level is 34 pursuant to U.S.S.G. §4B1.1(b)(2)(maximum sentence is 25 years or more, but less than 25 years) and the defendant falls within Criminal History Category VI. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 31.

The defendant understands that pursuant to the Career Offender Guidelines total offense level of 31 and a Criminal History Category VI would have resulted in a Guidelines range of 188 to 245 months, and a fine range of $15,000 to $150,000, U.S.S.G. § 5E1.2(c)(3).

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255

and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 140 months of imprisonment, a 5-year term of supervised release, a $300 special assessment, a fine of $250,000, and restitution for any and all losses incurred by the People's United Bank of Trumbull, Connecticut and the First Niagara Bank of Stratford, Connecticut. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of the December 14, 2014 bank robbery of the First Niagara Bank in Stratford, Connecticut presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in bank robberies and his carjacking in this District, which forms the basis of the Third Superseding Indictment and the Information in this case. After sentencing, the Government will move to dismiss Count Four of the indictment because the conduct underlying the dismissed counts will have been taken into account in determining the appropriate sentence.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

_____
RAHUL KALE
ASSISTANT UNITED STATES ATTORNEY

_____
AMY BROWN
ASSISTANT UNITED STATES ATTORNEY

      The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____           12-16-15
BOMANI AFRICA                                      Date
The Defendant

      I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____           12/16/15
BRUCE KOFFSKY, ESQ.                       Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT

The defendant and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the indictment:

1. In 2013, the defendant agreed with another, specifically George Bratsenis, to rob banks in Connecticut.

2. Pursuant to the agreement, Bratsenis, Africa, and/or another co-conspirator entered various banks, including the People's United Bank located at 4180 Madison Avenue, Trumbull, Connecticut ("People's Bank"), and the First Niagara Bank located at 225 Hawley Lane, Stratford, Connecticut ("First Niagara") to determine the layout of the banks as well as the location and level of security.

3. On or about September 25, 2014, the defendant and Feliciano, whom the defendant recruited, drove to Connecticut and met Bratsenis to fulfill all or part of their agreement.

4. On or about September 25, 2014, in Trumbull, Connecticut, the defendant stole at gunpoint a silver Ford Fusion from D.S.

5. On or about September 26, 2014, the defendant, along with Bratsenis, each wearing a mask and brandishing a firearm, entered the People's Bank, and, forcibly took $29,937 in money from the bank.

6. After the robbery, the defendant, Bratsenis and Feliciano went to the west parking lot of the Trumbull Mall and destroyed the silver Ford Fusion described in paragraph 3.

7. On or about December 13, 2014, the defendant and Feliciano, each wearing masks and brandishing firearms, entered the First Niagara, and forcibly took approximately $15,635.

The written stipulation above is incorporated into the preceding plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

BOMANI AFRICA
The Defendant

AMY BROWN
ASSISTANT UNITED STATES ATTORNEY

BRUCE KOFFSKY, ESQ.
Attorney for the Defendant

RAHUL KALE
ASSISTANT UNITED STATES ATTORNEY

## **RIDER CONCERNING RESTITUTION**

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3614, 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.