UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.3:15CR34 (JAM) |
| v. | : | |
| BOMANI AFRICA | : | February 7, 2023 |

## GOVERNMENT'S MEMORANDUM OF LAW IN AID OF SENTENCING

On December 16, 2015, Bomani Africa pled guilty before this Court to a two-count Information and Count Three of a four-count Third Superseding Indictment, each charging him with to Armed Bank Robbery.  See Crim. No. 3:15CR34(JAM).   Count One of the Information charged him with Conspiracy to Commit Bank Robbery, in violation of 18 U.S.C. §371 and Count Two of the Information charged him with Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2.   Count Three of the Third Superseding Indictment charged Africa with Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2.   Subsequently, on January 26, 2022, he pleaded guilty in the District of New Jersey to Conspiracy to Travel in Interstate Commerce and Using an Interstate Facility to Commit Murder-for-Hire, in violation of 18 U.S.C. § 1958.   The Government agrees that Mr. Africa's plea to Murder-for-Hire should not be a factor in this sentencing as it will be fully considered during his upcoming sentencing in the District of New Jersey.

Mr. Africa is scheduled to be sentenced before this Court on February 16, 2023 at 10:00 a.m.   The Government requests a sentence that is fair and just in consideration of the 18 U.S.C. § 3553(a) factors.

BACKGROUND

The Government does not have any objections to the facts as contained in the well-researched Pre-Sentence Report ("PSR"). At sentencing, the defendant faces a maximum term of imprisonment of 25 years on each count of conviction, followed by a maximum term of five years of supervised release, a fine of up to $250,000 on each count of conviction, and a $300 special assessment. The Presentence Report (PSR) calculates Africa's adjusted offense level to be 33. PSR ¶ 60. The PSR further calculates Africa to qualify as a career offender, raising his adjusted offense level to 34. Id. at 61. After a three-level departure for acceptance of responsibility, the defendant's total offense level is 31. Id. ¶ 64. With a Criminal History Category of VI, Africa's resulting Guidelines range is 188 to 235 months of imprisonment, before any departure. Id. ¶ 127.

In a plea agreement, the Government and Mr. Africa agreed to a Guidelines range of 140 to 175 months of imprisonment, based on a total offense level 29, and a Criminal History Category V. *See* Doc. 70. Understanding that it is entirely within the discretion of the Court, the Government moves for a *Fernandez* departure to allow Mr. Africa the benefit of his plea bargain.

SENTENCING LAW

A. **The Guidelines**

Although the Sentencing Guidelines are no longer mandatory, the Guidelines must be considered by the Court along with the other factors listed in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 260-61 (2005); *United States v. Crosby*, 397 F.3d 103, 110 (2d Cir. 2005); *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007) ("district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process"); *see also Gall v. United States*, 552 U.S. at 46 ("though the Guidelines are advisory rather than mandatory, they are, as we pointed out in *Rita*, the product of careful study based on extensive empirical evidence derived

from the review of thousands of individual sentencing decisions") (footnote omitted); *see* 18 U.S.C. § 3553(a)(4) (Court shall consider the sentence applicable under the Guidelines).

### B. The 3553(a) Factors

The factors enumerated in 18 U.S.C. § 3553(a) suggest that a sentence within the advisory Guidelines range would be appropriate.

1. The Nature and Circumstances of the Offense.

Mr. Africa's conduct in this case is extremely serious. At the outset, he recruited his son into the planned bank robberies. Then, in preparation for the bank robbery, Mr. Africa stole a silver Ford Fusion at gunpoint from D.S. The next day, he and his accomplices drove the stolen Ford Fusion to the People's Bank in Trumbull, Connecticut, used what appeared to be a real gun to terrify the employees of the bank, and stole $29,937. Then to distract responding police and to cover up their crime, they burned the stolen Ford Fusion in the parking lot of the Trumbull Mall. Even after co-defendants Bratsenis was arrested, Mr. Africa remained undaunted and returned to Connecticut from Pennsylvania with his son to commit another bank robbery. The sheer terror Mr. Africa caused D.S., the bank employees and the witnesses to the car burning cannot be underestimated and must be taken into account in his sentence.

2. History and Characteristics of Mr. Africa.

The well-researched PSR shows that Mr. Africa had a difficult childhood, having a father who exposed him to alcohol when Mr. Africa was just four years of age. He became enamored by the family of the streets at age 12, and eventually left home at 15, when he saw a friend accidentally shoot and kill his brother.

Mr. Africa's long history of robbery convictions began when he was just 18 and he has six robbery convictions since that date, not including this case. What is most troubling is that after

being released from a lengthy term of incarceration for his previous robbery convictions, Mr. Africa recruited his son, co-defendant Randi Feliciano, to assist George Bratsenis and him in Connecticut bank robberies. That said, the Government recognizes that Mr. Africa has used his time at Wyatt productively and that he has developed certain medical issues after contracting COVID-19 while incarcerated.

    3.    <u>Deterrence</u>

Mr. Africa's past convictions and lengthy periods of incarceration have failed to deter him from criminal activity. Nonetheless, soon after his release from his sixth robbery conviction, Mr. Africa joined George Bratsenis, who he had met in New Jersey prison, and stole a car at gunpoint and robbed not one but three Connecticut banks at gunpoint, spreading fear amongst hard working bank employees. Lengthy prison sentences have failed to deter Mr. Africa, but, hopefully, will deter others from following in his footsteps.

    4.    <u>Need to avoid unwanted sentencing disparity</u>

In imposing a sentence, the Court must determine a sentence that avoids unwarranted nationwide disparities. *See United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008). Like Bratsenis, Mr. Africa has spent a lifetime either robbing others or being incarcerated. To the extent the Court looks at the sentences it has imposed on his co-defendants, the Court should recognize that Bratsenis recruited Mr. Africa for these robberies, and that Bratsenis received a sentence of 96 months of imprisonment.

<u>CONCLUSION</u>

Bomani Africa stands before this Court having willingly terrified bank personnel and a unsuspecting car owner for his own financial gain. Recognizing that the terror of being a victim to an armed bank robbery or carjacking is difficult, if not impossible, to erase, for the sake of those bank

personnel who only sought to earn a legitimate income, the Government hopes that Mr. Africa will at least express remorse at sentencing for the pain he has inflicted on his victims.   Nonetheless, the Government recognizes that whatever sentence Mr. Africa receives for his Connecticut bank robberies, he faces a far longer prison term in the District of New Jersey.   Mr. Africa should be held accountable for his actions in the District of Connecticut with a sentence that is fair and reasonable under all the factors of 18 U.S.C. § 3353(a).

Respectfully submitted,

VANESS AVERY
UNITED STATES ATTORNEY

/s/

RAHUL KALE
ASSISTANT U.S. ATTORNEY
United States Attorney's Office
1000 Lafayette Boulevard, 10th Floor
Bridgeport, Connecticut 06604
(203)696-3000
Federal Bar No. phv0256

CERTIFICATION OF SERVICE

      I hereby certify that on February 7, 2023 a copy of the foregoing was filed electronically, by facsimile and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Courts CM/ECF System.

                                                /s/ Rahul Kale
                                                Rahul Kale
                                                Assistant United States Attorney